UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Burl Wright, #45699-019, | ) C/A No. 6:05-1409-DCN-WMC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| John L. LaManna, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court by a federal prison inmate, *pro se.*[1] Petitioner is a federal inmate, currently housed at FCI-Edgefield. He is incarcerated in federal prison pursuant to convictions entered in 1995 by the United States District Court for the Northern District of Georgia in Criminal No. 1:95-CR-139-01. In that bank-robbery related case, Petitioner was sentenced to "a term of imprisonment of 262 months as to counts one (1) and three (3), 120 months as to counts two (2), concurrent with counts one (1) and three (3), sixty (60) months as to counts one (1), three (3), and four (4). Petitioner's convictions and sentences were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit. *See* U.S. v. Wright, 96 F.3d 1457 (table) (11th Cir., August 27, 1996)(affirmed without opinion, unpublished).

This is Petitioner's second § 2241 petition challenging his 1995 sentences filed with this Court. In Wright v. Dove, Civil Action No. 6:02-1901-DWS, filed on June 17, 2002,

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner claimed that seven prior Georgia state court convictions used to enhance his federal sentences were vacated by the Superior Court of Georgia on March 1, 2002.[2] He contended in that prior case that the enhancement of his federal sentence on the basis of then-vacated state court convictions violated his constitutional rights, and asked this Court to vacate his sentences stating: "Petitioner was enhanced as a career offender pursuant to **U.S.S.G. § 4B1.2(c)** because the district court did not inquire nor petitioners [sic] counsel investigate if the defendant/petitioners [sic] prior convictions were legal, valid and constitutional." Petition (in Civil Action No. 6:02-1901-DWS), at 6 (emphasis in original).

The Petition in Civil Action No. 6:02-1901-DWS was dismissed without prejudice on July 31, 2002, by order of former United States District Judge Shedd adopting the Report and Recommendation submitted by the undersigned United States Magistrate Judge. The Report and Recommendation had recommended that Petitioner's case be summarily dismissed because Petitioner's claims about the alleged invalidity of his enhanced sentence were the type of claims that should more properly be considered by the

---

[2] Research discloses that the order of the Georgia Superior Court which vacated Petitioner's prior convictions was reversed and remanded by the Georgia Supreme Court on November 25, 2002, nearly four (4) months after this Court's dismissal of Petitioner's first § 2241 case in this Court. *See* Scott v. Wright, 573 S.E.2d 49 (Ga. 2002). There is no subsequent history of that case reported, and Petitioner does not discuss in his current Petition what, if anything, occurred in the superior court on remand. In fact, Petitioner completely omits any reference to the decision of the Georgia Supreme Court in his current filings and maintains: "Petitioner has diligently pursued post conviction relief related to his 'State prior convictions'. This litigation was recently successful." Memorandum (in support of § 2241 petition in Civil Action No. 6:05-1409-DCN-WMC), at 4. It is possible that Petitioner once again pursued the vacation of his prior convictions on remand, was successful in that effort, and then the state of Georgia might not have appealed the lower court's ruling on remand. Under those circumstances, the absence of any subsequent history for the 2002 Georgia Supreme Court case would be understandable. Although Petitioner's contentions about the current state of his prior convictions and the available reported legal research into Petitioner's Georgia litigation appear contradictory, this Report has been prepared taking all of Petitioner's contentions as true and assuming that he had seven Georgia convictions vacated in post-conviction relief proceedings.

sentencing court by way of a Motion to Vacate pursuant to 28 U.S.C. § 2255.[3] Petitioner did not appeal the dismissal to the Fourth Circuit Court of Appeals. Instead, he filed an initial § 2255 motion with the Northern District of Georgia on August 19, 2002. That motion was denied both as untimely and as inadequate on the merits on January 6, 2003. The sentencing court stated in its order:

> First, the statute of limitation for the filing of defendant's motion has long ago expired.
>
> Second, even if his motion was timely, and even if the defendant's 1991 Fulton County, Georgia, conviction for robbery is invalid, the defendant would still qualify as a career offender under the U.S. Sentencing Guidelines based upon his *two* prior North Carolina convictions for breaking and entering of a dwelling house.

U.S. v. Wright, Criminal Action No. 1:95-CR-139-GET, Document 45 (emphasis in original). Petitioner unsuccessfully pursued appellate procedures relating to his initial § 2255 motion in the District Court and in the Eleventh Circuit Court of Appeals until May 13, 2003.

Petitioner has now returned to this Court, claiming, again, that his constitutional rights are being violated because he is still serving an enhanced sentence despite the alleged vacation of some of his prior convictions. He claims that we should consider his claims under our § 2241 jurisdiction because, even though he continues to challenge the underlying validity of his sentence, he believes that the sentencing court will not entertain a second § 2255 based on "newly discovered evidence" (post-sentencing removal of predicate offenses) in light of certain Eleventh Circuit case law. *See* In re Dean, 341 F. 3d 1247 (11th Cir. 2003)(newly discovered evidence must show lack of guilt of underlying

---

[3] It was noted in the Report and Recommendation that, as of the time of preparation of the Report, Petitioner had never filed an initial § 2255 motion in the Northern District Court of Georgia.

crime, not sentence). However, Petitioner acknowledges in his answers to the Court's Special Interrogatories in this case (Document 3) that he did not formally request permission from the Eleventh Circuit to file another § 2255 motion prior to filing his Petition in this case in early May 2005. It is not clear whether or not Petitioner was aware at the time he filed this case of a then-recent opinion of the United States Supreme Court arising in the Eleventh Circuit and addressing timeliness issues relative to § 2255 motions raising sentencing enhancement challenges based on subsequently vacated prior convictions. *See* Johnson v. U.S., _ U.S. _, 125 S.Ct. 1571, 161 L.Ed.2d 542 (U.S. 2005).[4]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke,

---

[4] The Johnson case was decided only slightly more than one month before Petitioner filed this case and addresses, among other things, the issue of equitable tolling of the § 2255 one-year statute of limitations while federal convicts pursue attempts to vacate prior convictions that were used to enhance guidelines sentences. It is unclear, and the undersigned expresses no opinion on, whether the holding in Johnson would assist Petitioner in any request for permission to file a second § 2255 motion in the Northern District of Georgia. However, without even asserting due diligence in his attempts at vacating his prior convictions and asking for such permission to file a § 2255 motion outside the statutory time limitation based on the Johnson case, Petitioner cannot in good faith claim in this Court that he is foreclosed from pursuing another § 2255 motion to challenge his enhanced sentence.

4

574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.   See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).  However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because, as he was told in his previous appearance in this Court, Petitioner's claims are cognizable under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241.  Despite his attempts to divert attention from the true nature of his claims by asserting due process violations by the sentencing court and legal precedential limitations in the Eleventh Circuit, it is still clear that Petitioner's claims go to the underlying validity of his enhanced sentence. They are not claims about the manner of execution of that sentence, nor are they of the type which fall within any of the limited areas in which § 2241 has been found available or where § 2255 has been found inadequate or ineffective.  As such, they are clearly the types of claims that should be considered by the sentencing court pursuant to § 2255 and not by this Court under § 2241.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See* In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). However, since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations. For example, it has been found available in actions challenging the administration of parole, *see* Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see* McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see* United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See* Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where, as here, the underlying validity of the conviction and sentence is being challenged. *See* Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).

According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed

under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See* Atehortua v. Kindt, 951 F.2d at 129-30.

As stated above Petitioner's allegations of improper application of the sentencing guidelines goes to the underlying validity of his sentences rather than the execution of the sentences. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2241 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an inadequate nor ineffective remedy for those issues. *See* In re Vail; Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug. 08, 2000)(unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec. 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug. 12, 1999)(same). He has not done so in this case.

With regard to the application of the "savings clause" of § 2241, it is settled in this circuit that the possibility that a second § 2255 petition filed by Petitioner in the Northern District of Georgia might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*). Accordingly, Petitioner's belief that the Eleventh Circuit or the Northern District of Georgia might again find his claims untimely is not a sufficient basis upon which this Court could find the § 2255 remedy inadequate or ineffective in Petitioner's case. In

this regard, however, in this case, Petitioner cannot, in good faith, claim that the § 2255 remedy is inadequate or ineffective because he is unable to file another § 2255 motion with the sentencing court to properly raise the issues of conviction/sentence invalidity he seeks to raise in the Petition filed in this case. He is unable to make such a claim because he has not even asked the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(3),[5] to consider whether he should be permitted to file a second § 2255 motion. Furthermore, any assertion in this case that the sentencing court improperly analyzed his initial § 2255 motion, finding it both untimely and inadequate on the merits, does not satisfy § 2241's savings clause. The Eleventh Circuit Court of Appeals refused to review the sentencing court's analysis probably because it was supported by existing and controlling court precedent at the time. *But see* supra note 4 and accompanying text (Johnson case discussion). This Court cannot overrule the Eleventh Circuit, and Petitioner's failure to pursue available and appropriate statutory procedures to have his

---

[5]That statute states in pertinent part:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

arguments considered in the proper forum indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the AEDPA.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241Petition in this case be dismissed *without prejudice* and without requiring Respondent to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

July 21, 2005
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**